UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA ) Crim. No. 22-30048-MGM
)
v. )
)
TYLER AUGUSTO, )
)
Defendant. )

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through Joshua S. Levy, Acting United States Attorney for the District of Massachusetts, and Steven H. Breslow, Assistant United States Attorney (the "Government"), hereby files its Sentencing Memorandum for the defendant Tyler Augusto (the "defendant").

1. Introduction

On February 10, 2023, the defendant appeared before this Court, waived his right to indictment, and pleaded guilty, pursuant to a written Plea Agreement (D.3) to an Information (D.2) charging three counts: (1) Count One: False Statements To Acquire Firearms from Licensed Dealer (18 U.S.C. § 922(a)(6)); (2) Count Two: False Statements With Respect To Information Required To Be Kept In The Records Of A Licensed Firearms Dealer (18 U.S.C. § 924(a)(1)(A)); and (3) Count Three: False Statements (18 U.S.C. § 1001(a)(2)). Pre-Sentence Investigation Report dated May 25, 2023 ("PSR"), ¶¶ 1-2.

The defendant faces an advisory guidelines sentencing range ("AGSR") of 12 to 18 months based upon a total offense level of 13 and a criminal history category of I and a maximum supervised release term of three years. Id., ¶ 90.

As set forth in greater detail in the statement of facts attached to the defendant's plea

agreement, the defendant engaged in numerous straw purchases of firearms, but these were all on behalf of his father, rather than for monetary gain. (D.3); *see also* PSR, ¶¶ 8-42.

The Government recommends the following sentence: 8 months of incarceration, three years of supervised release, no fine, no restitution, and forfeiture of the firearms specified in the Information and Plea Agreement. The Government notes that its recommended sentence places the defendant in Zone B, in which "a sentence of probation is authorized if . . . . the applicable guideline range is in Zone B of the Sentencing Table and the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention as provided in subsection (c)(3) of §5C1.1 (Imposition of a Term of Imprisonment)." U.S.S.G. § 5B1.1(a)(2). Thus, the Court can satisfy the Government's recommendation by imposing a term of 8 months of home detention, for example.

2. The Defendant Merits the Recommended Below-Guidelines Sentence

a. Legal Principles

As the Supreme Court explained *in Gall v. United States*, 128 S. Ct. 586, 596-97 (2007), the district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range, and then consider all the factors in 18 U.S.C. § 3553(a) to determine whether they support the sentence requested. The district court may not presume that the Guidelines range is reasonable, but must make an individualized assessment based on the facts presented. *Id*. at 597.

If the district court determines that a non-guidelines sentence is warranted, the court "must consider the extent to the deviation and ensure that justification is sufficiently compelling to support the degree of variance." *Id.* Obviously, a major departure requires greater justification than a minor deviation. *Id.* The district court's explanation must follow for appropriate appellate

review and promote the perception of a fair sentencing. *Id.*

In this case, the recommended Guidelines sentence best represents the statutory sentencing goals articulated in 18 U.S.C. § 3553(a). As the Supreme Court observed in *Rita v. United States*, 127 S. Ct. 2456, 2463 (2007), the sentencing judge and the Sentencing Commission are carrying out "the same basic 3553(a) objectives, the one at retail, the other at wholesale." In other words, the Sentencing Commission's guidelines are a "rough approximation of a sentence that might achieve § 3553(a)'s objectives." *Id.* at 2465. *See Gall*, 128 S.Ct. at 596 (stating "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and initial benchmark.").

b. <u>The Nature and Circumstances of the Offense</u>

The nature and circumstances of the offense are serious, but include mitigating factors that weigh in favor of the requested below-Guidelines sentence. *See* 18 U.S.C. § 3553(a)(1). The offense is serious in that it enabled his father, Daniel A. Augusto, Jr., to add to his vast arsenal of hundreds of firearms, ammunition magazines, rounds of ammunition, firearms manufacturing equipment, and firearms paraphernalia. (D.3, at ¶ 5). As even the defendant conceded during his second interview with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), many of the firearms were located outside the safes throughout the house because "it honestly got to the point where there was no room in the safes, so stuff just started going everywhere." (D.3, ¶ 12(d)).

For example, the following photographs depict more than a dozen semi-automatic rifles and ammunition boxes simply piled up on either side of the toilet in one of the bathrooms in the residence that the defendant shared with his father:


FIOCCHI
50 CARTUCCE
SEMI JACKET SOFT POINT
MAGNUM
HERTER'S
SELECT GRADE
50


FIOCCHI
44 MAGNUM
HERTER'S

As these photographs indicate and the defendant himself admitted, the defendant and his father obsessively collected firearms to the point that they could not store them safely. The situation posed a risk to the inhabitants of the residence, any visitor to the home, and the general public if the home had been the subject of a burglary.

Against this dangerous backdrop, two factors mitigate the defendant's offense: first, he conducted all of his straw purchases for his father, rather than a stranger; and second, he did not benefit monetarily. *See* Application Note 15 of U.S.S.G. § 2K2.1 (stating that a downward departure may be warranted if "(A) none of the enhancements in subsection (b) apply, (B) the defendant was motivated by an intimate or familial relationship . . . and was otherwise unlikely to commit such an offense, and (C) the defendant received no monetary compensation from the offense." Technically, a downward departure is unavailable because of subsection (A) to the Application Note - Section 2K2.1(b)(1)(B) applies because defendant's offense involved between eight and 24 firearms. PSR, ¶ 49. Nonetheless, the Government believes that a 25% variance from the bottom of the defendant's otherwise applicable AGSR is appropriate because of the two mitigating factors mentioned above.

c. History and Characteristics of the Defendant

The personal characteristics of the defendant weigh in favor of the requested sentence. *See* 18 U.S.C. § 3553(a)(1). The most salient features of the defendant's personal history are his lack of criminal history, his community support as represented in the letters attached to the defendant's own Sentencing Memorandum, and what the undersigned AUSA believes is genuine remorse – *i.e.*, in hindsight, the defendant has recognized that his offenses were serious; they contributed to a highly dangerous situation inside his home; and he is better off never possessing firearms or ammunition again.

d. The Need for the Sentence Imposed

Lastly, the requested sentence will adequately "reflect the seriousness of the offense, [] promote respect for the law, and [] provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A) and afford "adequate deterrence to criminal conduct" and "protect the public from further crimes of the defendant." 18 U.S.C. § 2553(a)(2)(B)-(C).

3. Conclusion

For the foregoing reasons, the Government respectfully asks that the Court impose a sentence of 8 months of incarceration (which can be satisfied by an equivalent period of home detention), 36 months of supervised release, no fine, no restitution, and a $300 special assessment.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By: */s/ Steven H. Breslow*
STEVEN H. BRESLOW
(NY2915247)
Assistant U.S. Attorney
300 State Street, Suite 230
Springfield, MA 01105
413-785-0330
steve.breslow@usdoj.gov

Dated: July 21, 2023

**Certificate of Service**

I hereby certify that this document was filed by ECF to the registered participants as identified on the Notice of Electronic Filing.

By: */s/ Steven H. Breslow*
STEVEN H. BRESLOW
Assistant U.S. Attorney